E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

|  |  |
|---|---|
| Elijah Thompson | Case No. _____ |
| Plaintiff(s) | (to be filled in by the Clerk's Office) |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |
| -v- | |
| See Attachment No. 1 | |
| Defendant(s) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.

Attachment No. 1

## Full List of Defendants

Miller

Holmes

Reese

Barker

Cross

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Elijah Thompson
All other names by which you have been known:
ID Number: 75287
Current Institution: Chester County Prison
Address: 501 S. Wawaset Road
West Chester, PA 19382

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Miller
Job or Title (if known): Sergeant Correctional officer
Shield Number: 556
Employer: Chester County Prison
Address: 501 S. Wawaset Road
West Chester, Pa 19382
[X] Individual capacity   [ ] Official capacity

Defendant No. 2
Name: Holmes
Job or Title (if known): Correctional officer 1
Shield Number:
Employer: Chester County Prison
Address: 501 S. Wawaset Road
West Chester, Pa 19382
[X] Individual capacity   [ ] Official capacity

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

Defendant No. 3
- Name: Reese
- Job or Title (if known): Correctional Officer 1
- Shield Number:
- Employer: Chester County Prison
- Address: 501 S. Wawaset Road, West Chester, Pa, 19382

☒ Individual capacity ☐ Official capacity

Defendant No. 4
- Name: See Attachment No. 2
- Job or Title (if known): For additional Defendant
- Shield Number:
- Employer:
- Address: Information

☐ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Eighth Amendment - U.S. Constitution - cruel and unusual punishment

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Page 3 of 11

Defendant No. 4

Name: **Balser**

Job or Title: Correctional Officer 1

Shield Number: _____

Employer: Chester County Prison

Address: 501 S. Wawaset Road

    West Chester / City     Pa / State     19382 / Zip code

☒ Individual Capacity     ☐ Official Capacity

Defendant No. 5

Name: **Cross**

Job or Title: Correctional Officer 1

Shield Number: _____

Employer: Chester County Prison

Address: 501 S. Wawaset Road

    West Chester / City     Pa / State     19382 / Zip code

☒ Individual Capacity     ☐ Official Capacity

Defendant No.

Name:

Job or Title:

Shield Number:

Employer:

Address:

    _____ / City     _____ / State     _____ / Zip code

☐ Individual Capacity     ☐ Official Capacity

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Attachment No. 3

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Medical Housing Unit, Cellblock C, cell 1 on September 14th, 2020 @ approx. 1800

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

C. What date and approximate time did the events giving rise to your claim(s) occur?

September 14th 2020 @ approx. 1800

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attachment No. 3

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Bruising, swelling and lacerations to face; no treatment received

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

$250,000 - punitive damages; $25,000 actual damages (past & future expenses for counseling)

Attachment No. 3

## II. (D)

Defendant correctional officers Miller ("Miller"), Holmes ("Holmes"), Reese ("Reese"), Barker ("Barker") and Cross ("Cross") physically assaulted Plaintiff in violation of the Eighth Amendment of the United States Constitution while employed by and on duty at Chester County Prison, a government-funded facility, collectively and individually acting under color of state and/or local law throughout the duration of the event which constitutes the claim pertaining hereto.

## IV. (D)

On September 14th, 2020, Plaintiff was housed in a medical observation cell on cellblock C, the medical housing unit. Plaintiff was graded a security level "7C" which is a disciplinary confinement level with an attached administrative order requiring handcuffs be applied to him prior to opening his cell door. At approximately 1800 hours on the above date, Plaintiff was experiencing a psychotic episode due to his mental health diagnosis which included self-harm. Plaintiff informed officer Holmes of his self-harm intentions and his possession of a foreign object which he was using to inflict such self-harm. Holmes told Plaintiff that if he refused to surrender such object, he would enter the cell and "fuck [him] up." He further indicated that the officers who work the 4pm-12pm shift, which was on duty, would assist him in physically assaulting Plaintiff, intentionally inflicting pain and injury upon him. Defendant Miller, who was the supervising officer, approached the cell ordering Holmes to open the cell door. Without any attempt to apply handcuffs or resolve the incident, Holmes opened the door, whereupon Miller, Reese, Barker and Cross rushed into the cell. Holmes instructed them to "fuck him up." In an attempt to defend himself, Plaintiff instinctively swung a closed fist striking Miller. In response, the defendant officers pinned Plaintiff to the wall while another officer began striking him in the face with closed fists. Being restrained against the wall, Plaintiff could not block the attack and suffered bruising to his face. Plaintiff was then thrown to the floor and restrained. Defendant officers told Plaintiff if he wanted to die, they would "be happy to do it for him."

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Chester County Prison

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Covers violations of "civil, constitutional or statutory rights", "prison policy", or "prohibited or criminal act by a staff member" (Chester County Handbook §X. pg 33)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

   _____

2. What did you claim in your grievance?

   _____

3. What was the result, if any?

   _____

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   _____

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:

    Prison staff frustrated administrative remedies in failing to provide grievance forms

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

    Informed staff to secure request forms to obtain grievances, but was denied.

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

    (Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

  1. Parties to the previous lawsuit

     Plaintiff(s) _____

     Defendant(s) _____

  2. Court *(if federal court, name the district; if state court, name the county and State)*

     _____

  3. Docket or index number

     _____

  4. Name of Judge assigned to your case

     _____

  5. Approximate date of filing lawsuit

     _____

  6. Is the case still pending?

     ☐ Yes

     ☐ No

     If no, give the approximate date of disposition. _____

  7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

     _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3. Docket or index number

    _____

4. Name of Judge assigned to your case

    _____

5. Approximate date of filing lawsuit

    _____

6. Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8-10-2022

Signature of Plaintiff: X Elijah Thompson
Printed Name of Plaintiff: Elijah Thompson
Prison Identification #: 75287
Prison Address: 501 S. Wawaset Road
West Chester, PA 19382

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Address:

Telephone Number:
E-mail Address:

ELIJAH THOMPSON OO75287
501 S WAWASET Rd
WESTCHESTER PA 19382

J-15

+ $ 1.92

C.M.S.
X-RAY

EASTERN DISTRICT OF PENNSYLVANIA
CLERK, OFFICE OF
UNITED STATES DISTRICT COURT
PHILADELPHIA, PA 19106-9865

RECEIVED
AUG 29 2022

quadient
FIRST-CLASS MAIL
IMI
$001.92
08/18/2022 ZIP 19382
043M31228302

US POSTAGE