IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ELIJAH THOMPSON | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| MILLER, ET AL. | : | NO. 22-3507 |

## ORDER

**AND NOW**, this 1st day of December, 2022, upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 18), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.[1]

---

[1] Plaintiff Elijah Thompson's pro se Complaint asserts excessive force claims pursuant to the Eighth Amendment and 42 U.S.C. § 1983, against Defendant Sergeant Keith Miller, and Defendant Correctional Officers Warren Holmes, Nathan Reese, William Barker, and Robert Cross, all in their individual capacities. Plaintiff's claims are based on events that allegedly occurred when Plaintiff was a pretrial detainee at the Chester County Prison. Specifically, the Complaint alleges that, on September 14, 2020, Plaintiff was housed in a medical observation cell at the prison, when he experienced a psychotic episode. (Compl., Attach. 3 ¶ IV(D).) Plaintiff advised Defendant Officer Holmes from his cell that he had self-harm intentions and that he possessed a foreign object that he was using to inflict self-harm. (Id.) Officer Holmes warned that if Plaintiff did not surrender the foreign object, he would "fuck [Plaintiff] up" and the other officers on duty "would assist him in physically assaulting Plaintiff, intentionally inflicting pain and injury upon him." (Id.) Officer Holmes then opened the cell door; he and the four other Defendants rushed in; and he instructed the other Defendants to "fuck [Plaintiff] up." (Id.) "Plaintiff instinctively swung a closed fist striking [Defendant Officer] Miller." (Id.) Plaintiff was then "pinned . . . to the wall while another officer began striking him in the face with closed fists." (Id.) Plaintiff suffered bruising, swelling, and lacerations to his face. (Compl. ¶ V.) Defendants have moved to dismiss the Complaint for failure to state a claim upon which relief can be granted.

When deciding a motion to dismiss pursuant to Rule 12(b)(6), "[w]e accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Shorter v. United States, 12 F.4th 366, 371 (3d Cir. 2021) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Where a plaintiff is proceeding pro se, we have a special obligation to construe the complaint's allegations liberally. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013)). At the same time, even pro se plaintiffs are obligated to set forth "a short and plain statement of the claim," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (first quoting Fed. R. Civ. P. 8(a)(2); then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (second alteration in original)).

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.

---

The complaint must allege "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). The Eighth Amendment, on which Plaintiff relies, prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. See Hudson v. McMillian, 503 U.S. 1, 8 (1992) (citations omitted). In assessing whether a prisoner has plausibly alleged an excessive force claim, we consider whether he has alleged that the officers used force "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." Jackson v. Bueno, Civ. A. No. 20-687, 2020 WL 2847925, at *3 (E.D. Pa. June 2, 2020) (quoting Hudson, 503 U.S. at 7). The factors used to determine whether force was excessive include: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'" Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Defendants argue in their Motion to Dismiss that Plaintiff's Eighth Amendment claim fails to state a claim upon which relief can be granted because the alleged use of force was merely "reasonable force [used] in a good-faith effort to protect Plaintiff from self-harm and to maintain and restore order" and the Complaint's allegations in no way show that Defendants acted maliciously or sadistically to cause harm to Plaintiff. (Defs.' Mem at 6.) They also assert that they are entitled to qualified immunity because no reasonable officer, under the circumstances presented, would have understood that their conduct violated Plaintiff's Eighth Amendment rights. See Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d Cir. 2010) (explaining that "[t]he doctrine of qualified immunity protects government officials 'from liability . . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

However, liberally reading the Complaint in the light most favorable to the pro se Plaintiff, we conclude that it plausibly alleges that the Defendant officers acted "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline," and that a reasonable officer would have understood that their conduct violated Plaintiff's constitutional rights. Jackson, 2020 WL 2847925, at *3 (quoting Hudson, 503 U.S. at 7). While Defendants assert that they acted in good faith, the facts as alleged permit the reasonable inference that Defendants unnecessarily pinned Plaintiff to a wall and struck him in the face with closed fists, using force that was not commensurate with the threat that Plaintiff posed to the officers or himself. We therefore deny Defendants' Motion to Dismiss.